PATRICIA SAVAGE, SBN 236235
LAW OFFICE OF PATRICIA A. SAVAGE
1550 Humboldt Road, Suite 4
Chico, CA 95928
Telephone: (530) 809-1851
Facsimile: (530) 592-3865
Email: psavesq@gmail.com

Attorney for Plaintiffs
JOHN SELBY and
MIKE GREEN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE GREEN and<br>JOHN SELBY<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN VALLEY COMMUNITY SERVICES DISTRICT, JIM DOOHAN DENNY CHURCHILL; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. **Retaliation – FLSA**<br>2. **Retaliation Labor Code § 1102.5**<br>3. **Intentional Infliction of Emotional Distress**<br>4. **Defamation**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS MIKE GREEN ("GREEN") and JOHN SELBY ("SELBY") (collectively referred to as "PLAINTIFFS") respectfully submit the following Complaint against AMERICAN VALLEY COMMUNITY SERVICES DISTRICT, ("the DISTRICT"), JIM DOOHAN ("DOOHAN"), and DENNY CHURCHILL ("CHURCHILL") (collectively referred to as "DEFENDANTS") for damages and demand for jury trial and alleges as follows:

1

## PARTIES AND JURISDICTION

1. PLAINTIFF GREEN was at all times relevant to this action a resident of Plumas County and an employee of the DISTRICT.

2. PLAINTIFF SELBY was at all times relevant to this action a resident of Plumas County and an employee of the DISTRICT.

3. The DISTRICT was at all times relevant to this action a publicly funded governmental organization that provides drinking water and wastewater services to the greater Quincy area, with its principal place of business located at 900 Spanish Creek Road in Quincy, California 95971, in Plumas County.

4. JIM DOOHAN was at all times relevant to this action acting within his capacity as an agent of the DISTRICT as its General Manager. At all times relevant to this action, DOOHAN was and is a resident of Plumas County, California.

5. DENNY CHURCHILL was at all times relevant to this action acting within his capacity as an agent of the DISTRICT as President. At all times relevant to this action, CHURCHILL was and is a resident of Plumas County, California.

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 in relation to PLAINTIFFS' claim for retaliation under 29 USC § 201 et seq.

7. The Court retains supplemental jurisdiction as to PLAINTIFFS' state claims pursuant to 28 U.S.C. 1367(a).

8. The Court has personal jurisdiction over DEFENDANTS because DEFENDANT the DISTRICT is a California Company with its principal place of business in Plumas County, DEFENDANTS DOOHAN and CHURCHILL are residents of PLUMAS County, and DEFENDANTS' unlawful acts, which gave cause to the rise of this action, were committed in Plumas County, California.

9. Venue is proper under 28 U.S.C. 1391(b)(1) because all DEFENDANTS are residents of and/or domiciled in the State of California.

10. PLAINTIFFS are ignorant of the true names and capacities of the DEFENDANTS sued herein as DOES 1 through 20. PLAINTIFFS are informed and

believe, and on that basis allege, that each DEFENDANT sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged herein. PLAINTIFFS do not at this time know the true names or capacities of said DEFENDANTS but prays that the same may be inserted herein when ascertained.

11. At all times relevant, each and every DEFENDANT was an agent and/or employee of each and every other DEFENDANT. In doing the things alleged in the causes of action stated herein, each and every DEFENDANT was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining DEFENDANT. All actions of each DEFENDANT as alleged herein were ratified and approved by every other DEFENDANT or their officers or managing agents.

12. Hereinafter DEFENDANTS AMERICAN VALLEY COMMUNIETY SERVICES DISTRICT, JIM DOOHAN, AND DENNY CHURCHILL and DEFENDANTS DOES 1 through 20 shall be referred to as "DEFENDANTS".

## EXHAUSTION OF REMEDIES

13. PLAINTIFFS have timely filed a government tort claim pursuant to Government Code Section 900 et seq, notifying DEFENDANT AMERICAN VALLEY COMMUNITY SERVICES DISTRICT of the claims being raised by PLAINTIFFS. Both PLAINTIFFS received an undated notice from the DISTRICT stating that on August 13, 2020, the DISTRICT'S board of directors rejected PLAINTIFFS' claims. PLAINTIFFS have thereby exhausted their administrative remedies pursuant to Gov. Code § 900 et seq.

## STATEMENT OF FACTS

14. In or about January of 2018, the East Quincy Services District (EQSD) and the Quincy Community Services District (QCSD) consolidated to form the American Valley Community Services District (the DISTRICT). Prior to the consolidation, Quincy had two water districts that serviced the area.

15. PLAINTIFF GREEN began his twenty-seven-plus years of relative employment on or about September 20, 1993, for the Quincy Community Services District as a Mechanic II Operator.

16. In or about 2014, GREEN applied for and received the position of General Manager of the East Quincy Services District. It was during this time, that GREEN helped structure the consolidation of the two districts.

17. After consolidation of the two districts and the retirement of the then existing General Manager Larry Sullivan, the position of General Manager was offered to JIM DOOHAN, and MIKE GREEN was offered the position of Assistant General Manager.

18. PLAINTIFF SELBY began his employment with the DISTRICT in or about April of 2012, performing work as a part-time laboratory technician. In or about July of 2014, PLAINTIFF was promoted to a full-time Operator. As an Operator, PLAINTIFF was no longer responsible for performing laboratory work.

19. Beginning in approximately 2014, JIM DOOHAN was directly responsible for managing the laboratory, which included but was not limited to, performing quality assurance work, performing quality control work, and keeping up with state required certification.

20. Based on information and belief PLAINTIFFS hereby allege that under DOOHAN's direction, the laboratory services deteriorated to below state standards due to DOOHAN's negligence and malfeasance.

21. In or about July of 2017, DOOHAN directed PLAINTIFF SELBY to begin performing laboratory duties again. SELBY was reluctant to take on the extra responsibilities because of the poor manner in which the laboratory had been handled by DOOHAN. SELBY undertook the laboratory responsibilities after DOOHAN threatened termination of SELBY'S employment.

22. In or about January of 2018, DOOHAN failed to renew the laboratory certification required by the California Department of Public Health for laboratory water testing facilities.

23. PLAINTIFFS believe and thereon allege that DOOHAN continued to perform water testing at the DISTRICT despite not having the proper certification.

24. On or about June 4, 2019, five routine water samples and two special samples were collected from the Quincy distribution center. The samples that were collected showed the presence of E. Coli Bacteria.

25. In response to the E. Coli detection, the State of California Water Resources Control Board Division of Drinking Water issued a citation to DOOHAN as General Manager of the DISTRICT for his violations of two California Code Regulations. The citation further directed DOOHAN to comply with the proper renewal for laboratory certification for the operation of a public water testing facility.

26. Both GREEN and SELBY raised their concerns to president CHURCHILL about the lack of certification and DOOHAN's mismanagement of the laboratory. CHURCHILL did nothing in response.

27. On or about October 2019, GREEN informed board member Kathy Felker ("FELKER") that the laboratory was operating without certification and that despite the State's orders, DOOHAN continued to operate the laboratory without certification.

28. At an October 2019, board meeting FELKER raised concerns about the facility operating without the proper certification and asked DOOHAN why he had not renewed the certification. DOOHAN was clearly caught off guard by the fact that FELKER knew about his failure to renew certification. After the board meeting DOOHAN called GREEN into his office and asked him how FELKER found out about the lapse in certification.

29. Three months after informing FELKER of DOOHAN's malfeasance, GREEN was placed on administrative leave until his employment was terminated of February 5, 2020.

30. On December 15, 2019, SELBY wrote a letter to the State Water Resources Control Board advising them of his concerns with regards to DOOHAN's response to the E. Coli detection and the mismanagement of the laboratory run by the DISTRICT.

31. SELBY'S letter informed the board, among other things, that SELBY believed DOOHAN falsified a document to the state regarding DOOHAN'S response to the E. Coli discovery. Namely, SELBY explained that the spring line from the distribution center was shut down on June 6, 2019, and not on June 5 as reported by DOOHAN, which meant the spring line remained opened for twenty-four hours after detecting the E. Coli in the water.

32. Furthermore, PLAINTIFFS again spoke to CHURCHILL about their concerns with DOOHAN and CHURCHILL told PLAINTIFFS that they would not like the outcome of challenging DOOHAN.

33. Three weeks after reporting DOOHAN'S unlawful conduct to the State Board, SELBY was placed on administrative leave until his employment was terminated on February 5, 2020.

34. By a notice dated January 13, 2020, PLAINTIFFS were advised by the DISTRICT that pursuant to a reorganization of job functions both PLAINTIFF GREEN'S and PLAINTIFF SELBY'S positions were being eliminated.

35. PLAINTIFFS believe and thereby allege that GREEN'S actions of informing board member FELKER about DOOHAN's conduct and SELBY'S letter to the State Board advising about DOOHAN resulted in their termination of employment. PLAINTIFFS further believe that the decision to terminate PLAINTIFFS' positions was not presented to the entire board and was never on any of the board's meeting agendas. Both PLAINTIFFS were placed on administrative leave prior to any of the board's agendas identifying or mentioning reorganization. PLAINTIFFS believe that the elimination of their positions was pretextual to the retaliatory intentions of DOOHAN and CHURCHILL.

//
//
//
//

Green and Selby Complaint for Damages

## **FIRST CAUSE OF ACTION**

## **RETALIATION (FLSA)**

## **(Plaintiffs against all Defendants)**

36. The allegations set forth in this Complaint are hereby realleged and incorporated by reference.

37. At all times relevant to this action, the Fair Labor Standards Act ("FLSA") was in full force and effect and binding on the DEFENDANTS. The statements and conduct on the part of the DEFENDANTS complained of herein represent a violation of the FLSA, specifically 29 U.S.C. § 215(a)(3).

38. PLAINTIFFS made lawful complaints to the State of California Water Resources Control Board and to the Board of Directors for the DISTRICT identifying several problems that had taken place at the American Valley Community District and with JIM DOOHAN in respect to his mismanagement of the water testing facility and the response to an E. Coli detection.

39. PLAINTIFFS' employment with the DISTRICT was soon thereafter terminated. PLAINTIFFS' protected complaints to the State and the board were motivating factors in all of the DEFENDANTS' decision to terminate PLAINTIFFS' employment.

40. PLAINTIFFS believe and thereby allege that CHURCHILL in his capacity as President and board member did not follow proper policy with respect to noticing and holding required meetings to discuss and vote on "reorganization" which included the elimination of both of PLAINTIFFS' positions.

41. PLAINTIFFS believe and thereby allege that CHURCHILL'S conduct was retaliatory for PLAINTIFFS' lodging of complaints.

42. As a result of DEFENDANTS' conduct, PLAINTIFFS' has suffered harm. DEFENDANTS' conduct is a substantial factor in causing PLAINTIFFS' harm.

43. The above-described actions were perpetrated and/or ratified be a managing agent or officer of DEFENDANTS. These acts were done with malice, fraud, oppression, and in reckless disregard of PLAINTIFF'S rights. Further, said actions were despicable in

character and warrant the imposition of punitive damages in a sum sufficient to punish and deter DEFENDANTS' future conduct.

Wherefore PLAINTIFFS request relief as hereinafter prayed for.

## SECOND CAUSE OF ACTION

## RETALATION (Labor Code § 1102.5)

## (Plaintiff against all Defendants)

44. The allegations set forth in this Complaint are hereby realleged and incorporated by reference.

45. At all times relevant to this action, Labor Code Section 1102.5 was in full force and effect and binding on the DEFENDANTS. The statements and conduct on the part of the DEFENDANTS complained of herein represent a violation of the California Labor Code Section 1102.5 et seq.

46. PLAINTIFFS made lawful complaints to the State of California Water Resources Control Board and to the Board of Directors for the DISTRICT identifying several problems that had taken place at the American Valley Community District and with JIM DOOHAN in respect to his mismanagement of the water testing facility and the response to an E. Coli detection.

47. PLAINTIFFS' employment with the DISTRICT was soon thereafter terminated. PLAINTIFFS' protected complaints to the State and the board were motivating factors in all of the DEFENDANTS' decision to terminate PLAINTIFFS' employment.

48. PLAINTIFFS believe and thereby allege that CHURCHILL in his capacity as President and board member did not follow proper policy with respect to noticing and holding required meetings to discuss and vote on "reorganization" which included the elimination of both of PLAINTIFFS' positions.

49. PLAINTIFFS believe and thereby allege that CHURCHILL'S conduct was retaliatory for PLAINTIFFS' lodging of complaints.

50. As a result of DEFENDANTS' conduct, PLAINTIFFS' has suffered harm. DEFENDANTS' conduct is a substantial factor in causing PLAINTIFFS' harm.

51. The above-described actions were perpetrated and/or ratified be a managing agent or officer of DEFENDANTS. These acts were done with malice, fraud, oppression, and in reckless disregard of PLAINTIFF'S rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter DEFENDANTS' future conduct.

Wherefore PLAINTIFFS request relief as hereinafter prayed for.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Plaintiffs against JIM DOOHAN, DENNY CHURCHILL, and DOES 1 through 20)**

52. The allegations set forth in this Complaint are hereby realleged and incorporated by reference.

53. PLAINTIFFS made lawful complaints to a State agency and the board of directors for the DISTRICT notifying them of the negligent and reckless conduct in which the DISTRICT'S water laboratory facility was being managed, specifically identifying JIM DOOHAN, their superior, as the prime person responsible for the unlawful and negligent acts alleged.

54. In response to PLAINTIFFS' lodging of complaints, JIM DOOHAN and DENNY CHURCHILL made the decision to terminate PLAINTIFFS' employment after years of loyal service to the DISTRICT.

55. DOOHAN and CHURCHILL intended to cause PLAINTIFFS to suffer emotional distress by ending their employment. DOOHAN and CHURCHILL knew the probability of causing PLAINTIFFS to suffer severe emotional distress when they made the decision to terminate PLAINTIFFS' employment.

56. DOOHAN and CHURCHILL'S conduct was outrageous and exceeds all possible bounds of human decency. DOOHAN and CHURCHILL took away PLAINTIFFS' source of income while diminishing their reputation within the community.

57. As a result of DOOHAN and CHURCHILL's conduct, PLAINTIFFS have suffered severe emotional distress. DOOHAN and CHURCHILL'S conduct was a substantial factor in causing PLAINTIFFS' emotional distress.

58. PLAINTIFFS were within their rights as concerned whistleblowers when they alerted a state agency and the board of directors of the unlawful conduct that was taking place in the DISTRICT. Because PLAINTIFFS exercised their rights, they were terminated.

59. The above-described actions were perpetrated and/or ratified be a managing agent or officer of DEFENDANTS. These acts were done with malice, fraud, oppression, and in reckless disregard of PLAINTIFF'S rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter DEFENDANTS' future conduct.

Wherefore, PLAINTIFFS requests relief as hereinafter prayed for.

## FOURTH CAUSE OF ACTION

## DEFAMATION

## Civil Code Section 46

## (Plaintiff SELBY against all Defendants)

60. The allegations set forth in this Complaint are hereby realleged and incorporated by reference.

61. On information and belief SELBY hereby alleges that DEFENDANTS, and each of them, made false and defamatory statements to persons in attendance of the board meeting held on or about February 5, 2020, including but not limited to Victoria Metcalf, an Assistant Editor of the Feather River Bulletin.

62. These persons, including Ms. Metcalf, reasonably understood DEFENDANTS' statements to be about SELBY, which is further evidenced by Ms. Metcalf's article in the Feather River Bulletin dated February 12, 2020.

63. DEFENDANTS' defamatory statements directly injured SELBY with respect to his professional reputation by stating that SELBY'S termination was as a result of employee discipline. DEFENDANTS knew the statements were false because

DEFENDANTS' own letter of termination of employment to SELBY stated that SELBY'S position had been eliminated due to reorganization of job functions.

64. As a result of these false statements, SELBY lost several employment opportunities within the small community of Quincy.

65. The statements made by DEFENDANTS were fraudulent and made with malice in an attempt to harm SELBY for his lawful whistleblower actions.

66. As a result of DEFENDANTS' conduct, SELBY has suffered harm to his reputation and severe emotional distress. DEFENDANTS' conduct was a substantial factor in causing SELBY'S harm.

67. The above described actions were perpetrated and/or ratified be a managing agent or officer of DEFENDANTS. These acts were done with malice, fraud, oppression, and in reckless disregard of PLAINTIFF'S rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter DEFENDANTS' future conduct.

Wherefore PLAINTIFF requests relief as hereinafter prayed for.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS demands judgment against DEFENDANTS, and any other DEFENDANTS who may be later added to this action as follows:

1. For compensatory damages, including general and special damages in an amount according to proof;

2. For attorneys' fees and costs pursuant to all applicable statutes or legal principles;

3. For costs of suit incurred;

4. For prejudgment interest on all amounts claimed;

5. For punitive damages;

6. For affirmative relief as defined by Government Code §12926 et seq., including back pay, reimbursement of out of pocket expenses and an expungement of records.

7. For such other and further relief as the court may deem proper.

Date: January 22, 2021          _____
                                Patricia A. Savage
                                Attorney for Plaintiffs
                                Mike Green and John Selby

## DEMAND FOR JURY TRIAL

Date: January 22, 2021          _____
                                Patricia A. Savage
                                Attorney for Plaintiffs
                                Mike Green and John Selby

Green and Selby Complaint for Damages